UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60079-CIV-COHN/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

4. MEADOWBROOK LAKE CONDOMINIUM,
UNIT 308, CONDOMINIUM #8, LOCATED AT
314 SE 10TH STREET, DANIA, FLORIDA 33004,

    Defendant.
_____/

MAHA MAHER ELSAAI, and LAILA SALEH
TAHA,

    Claimants.
_____/

## ORDER GRANTING IN PART UNITED STATES' RENEWED MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT PROPERTY NO. FOUR

THIS CAUSE is before the Court upon the United States' Renewed Motion for Summary Judgment Against Defendant Property No. Four [DE 78]. Neither the Claimants nor Defendant filed a response and the time for filing a response has passed.[1] The Court has carefully considered the Motion, exhibits thereto, the underlying record including the Government's Response to the Court's Order Granting in Part the United States Motion for Summary Judgment [DE 59] and Claimants' Response to the Court's Order Granting in Part the United States Motion for Summary Judgment [DEs 65 & 66], and is otherwise fully advised in the premises.

---

[1] The Court granted Claimant Taha's unopposed motion for a fourteen day extension of time to file a response, providing her until March 2, 2007 to respond. To date, Claimant has not filed a response.

## I. BACKGROUND

On February 10, 2004, Maha Maher Elsaai ("Elsaai") was indicted in this Court in United States v. Maha Maher Elsaai, a/k/a "Samia Kamel Salib," a/k/a "Laila Saleh Taha," a/k/a "Linda Thornton," a/k/a "Maha Taha," Case No. 04-60025-CR-COHN/SNOW. The one count indictment alleged unauthorized access device fraud in violation of 18 U.S.C. § 1029(a)(3). (Mot. for Sum. Judg. [DE 50], Exh. 1.) On March 30, 2004, the indictment was superseded to include notice of the Government's intent to seek criminal forfeiture. (Id., Exh. 2.) On June 10, 2004, Elsaai pled guilty to the indictment admitting she possessed at least 15 counterfeit credit cards. (Id., Exh. 3.)

This Court subsequently conducted an evidentiary hearing and issued Findings of Fact and Conclusions of Law on the criminal forfeiture allegations contained in the Superseding Indictment. (Id., Exh. 4.) The Court determined that the funds deposited into three separate bank accounts represented property, real or personal, constituting or derived from, proceeds obtained directly or indirectly from the offense alleged in the Superseding Indictment. (Id., Exh. 4, p. 6; Exh. 5.) The bank accounts at issue in the underlying criminal case were Bank of America Account No. 003624944913 and Union Planters Bank Account Nos. 9600076310 and 9600531629. The Court ordered judgment against Elsaai in the amount of $57,050.00. To fulfill part of this judgment, the Court ordered the contents of the three accounts, which totaled $23,090.10, be forfeited to the United States. (Id., Exh. 5.)

On January 19, 2006, the Government filed the instant civil forfeiture action pursuant to 18 U.S.C. §§ 981 and 983 seeking forfeiture of the following Defendant properties: 1) Fidelity Investment Account No. X90-146692 in the name of Laila Saleh

2

Taha ("Property No. One"); 2) Fidelity Investment Account No. 2AN-415529 in the name of Hala Mahmond Ahmed for Omar A. Maher Elsaai ("Property No. Two"); 3) PBHG Account No. 00055180460 in the name of Hala M. Ahmed for Mona Ashraf Elsaai ("Property No. Three"); and 4) Meadowbrook Lake Condominium, Unit 308, Condominium # 8, Located at 314 SE 10th Street, Dania, Florida 33004 ("Property No. Four"). The Government alleged that the funds in each of the Defendant bank accounts, Property Nos. One, Two and Three, came directly from the accounts at issue in the underlying criminal case. Similarly, the Government alleged that the money used to purchase Property No. Four could be attributed to the accounts forfeited in the criminal action.

The Court granted summary judgment as to Defendant Properties Nos. One, Two and Three, but deferred ruling as to Defendant Property No. Four. The Court found that the Government failed to provide evidence to establish that the entire property was forfeitable. Therefore, the Court deferred ruling and ordered the parties to file supplemental briefs focusing on whether the entire property is fofeitable and detailing what action the Court should take if only a portion of the property is found to be subject to forfeiture.

In light of the allegation in Claimants' Response to the Court's Order [DEs 65 & 66] that the property was purchased with proceeds from a mortgage loan and that documentation of the loan was taken by the Government during the execution of a search warrant on the property, the Government requested leave to locate the loan papers and review their contents with Claimant Laila Saleh Taha. The Court granted the Government's request to depose Taha and denied the Government's Motion for

Summary Judgment without prejudice. The Court noted that the Government could renew its Motion, if it saw fit, after completing discovery on the issues surrounding the purchase of Property No. Four. The instant Renewed Motion for Summary Judgment followed.

## II. ANALYSIS

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Indus. Co. v. Zenith

4

Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B. Civil Forfeiture

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), made fundamental changes to the procedures governing civil forfeiture actions. See United States v. $22,991.00, 227 F. Supp. 2d 1220, 1230 (S.D. Ala. 2002). Under CAFRA, the Government in a proceeds case bears the burden of establishing, by a preponderance of the evidence, that the defendant property is forfeitable.[2] 18 U.S.C. § 983(c)(1). A "preponderance of the evidence" means that the

---

[2] Prior to the enactment of CAFRA, the Government was required to establish probable cause that the defendant property was forfeitable. United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in Ala., 941 F.2d 1428, 1429 (11th Cir. 1991). For cases commenced after August 23, 2000, the government

Government must present an amount of evidence sufficient to persuade the court that the claim or contention is more likely true than not true. Eleventh Circuit Pattern Jury Instructions, Civil (2000), Basic Instruction 6.1, Burden of Proof.

To prove that the property is forfeitable in this case, the Government must show that the property constitutes or is derived from proceeds traceable to a violation of a 18 U.S.C. § 1029. 18 U.S.C. § 981(a)(1)(C) (listing various criminal statutes which can provide the underlying basis for a civil forfeiture claim including 18 U.S.C. § 1029). "In evaluating the evidence in a civil forfeiture proceeding, the court must use a 'common sense view of the realities of normal life applied to the totality of the circumstances' instead of viewing the evidence with 'clinical detachment.'" United States v. $26,620.00, Case No. 05CV50WCO, 2006 WL 949938, at *7 (N.D. Ga. April 12, 2006) (quoting United States v. Carrell, 252 F.3d 1193, 1201 (11th Cir. 2001)); see also United States v. $4,255,000.00, 762 F.2d 895, 903 (11th Cir. 1985); $22,991.00, 227 F. Supp. 2d at 1232. In meeting its burden, the Government is entitled to introduce evidence gathered both before and after the filing of the civil complaint for forfeiture. 18 U.S.C. § 983(c)(2). The evidence relied on by the Government must be admissible, non-hearsay evidence. 227 F. Supp. 2d at 1231 n.3 (citing Stefan D. Cassella, The Civil Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on All Parties, 27 J. Legis. 97, 108-09 (2001)).[3] The Government

---

must prove its case by a preponderance of the evidence. 18 U.S.C. § 983(c).

[3] The court in United States v. $22,991.00, more or less, in United States Currency, 227 F. Supp. 2d at 1231 n.3, cites to page 110 in the CAFRA article. The discussion regarding whether hearsay is admissible occurs on pages 108 and 109.

may introduce circumstantial evidence to establish a connection between the crime and the defendant property. Id. at 1231.

Once the Government satisfies its burden, CAFRA provides that it is the claimant's burden to prove by a preponderance of the evidence that he or she is an innocent owner. 18 U.S.C. § 983(d)(1). An "owner" is defined as a person who has an ownership interest in the defendant property unless that person 1) has only a general unsecured interest; 2) is a bailee unless certain conditions are met; or 3) exercises no dominion or control over the property. 18 U.S.C. § 983(d)(6). An "innocent owner" is an owner who 1) "did not know of the conduct giving rise to forfeiture;" or 2) "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A). If the Government's claim of forfeiture is unrebutted by the claimant, the court must solely determine whether the government's showing "is sufficient to permit forfeiture." Carrell, 252 F.3d at 1201 (citations omitted).

### C. Forfeitability of Defendant Property No. Four

Since the Claimants did not file a response to the Government's Renewed Motion for Summary Judgment, the only issue before this Court is whether the Government has established by a preponderance of the evidence that Defendant Property No. Four is subject to forfeiture.

In her response to the Court's Order Granting in Part the United States Motion for Summary Judgment [DEs 65 & 66], Claimant Taha alleged that Property No. Four was not subject to forfeiture because it was purchased using the proceeds of a $140,000 mortgage loan granted to Taha on August 17, 2001, secured by her

residence.[4] The loan was used to pay outstanding balances on credit cards in Taha's name. The remaining proceeds were deposited into Union Planters Bank Account No. 9600531629, one of the accounts forfeited in the criminal case.

On March 27, 2002, Property No. Four was purchased in full for $85,168.36 using funds from Account No. 9600531629. The property was paid for with a $4,000.00 check written from the account and an additional $81,168.36 withdrawn from the account on March 27, 2002. A review of the bank records and deposition testimony submitted by the Government establishes that at the time the condominium was purchased, only $1,449.02 of the August 17, 2001 mortgage loan remained in Account No. 9600531629. The other assets in the account were proceeds of Elsaai's criminal activity, as decided by this Court in finding that Account No. 9600531629 was subject to criminal forfeiture. Therefore, the Court finds that Defendant Property No. Four is subject to forfeiture. However, $1,449.02 or 1.7-percent of the purchase price is not subject to forfeiture.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the United States' Renewed Motion for Summary Judgment Against Defendant Property No. Four [DE 78] is **GRANTED IN PART**. Defendant Meadowbrook Lake Condominium, Unit 308, Condominium #8, Located at 314 SE 10th Street, Dania, Florida 33004 shall be forfeited to the Government as property derived from proceeds traceable to a violation

---

[4] The Government avers that the loan was procured by Claimant Elsaai while impersonating her mother, Claimant Taha. Regardless, the Government does not seek forfeiture of the loan proceeds.

8

of 18 U.S.C. § 1029. However, upon liquidation of Defendant Property No. Four, the Government shall provide Claimant Laila Saleh Taha with a cash amount equivalent to 1.7-percent of the net amount recovered for the property or $1,449.02, whichever is greater. A separate Order of Forfeiture shall be entered in accordance with the above findings.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _15th_ day of March, 2007.

                                            _____
                                            JAMES I. COHN
                                            United States District Judge

Copies to:
All counsel of record